**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| | : | CRIMINAL ACTION NO. 08-558 |
| v. | : | CIVIL ACTION NO. 13-958 |
| | : | |
| SHAWN THOMAS | : | |

**M E M O R A N D U M**

GENE E.K. PRATTER, J.                                                                                          MAY 14, 2013

**Introduction**

A jury convicted Mr. Shawn Thomas on May 6, 2010 of a host of drug distribution and drug possession charges, conspiracy and one count of possession of a firearm in furtherance of drug trafficking, as well as being a convicted felon in possession of a firearm.[1]  The Court initially imposed a sentence of 180 months-imprisonment composed of a mandatory 120 months for the drug convictions and the 18 U.S.C. § 922(g) gun conviction, plus a mandatory consecutive 60 month sentence for the Section 924(c) gun offense.   Mr. Thomas was ordered to pay a fine of $2,000, a $700 special assessment and to be subject to five years of supervision once released. The sentence, imposed on March 22, 2011, was well within the Guidelines imprisonment range. Mr. Thomas's appeal was partially successful to the extent the Government agreed that the Fair Sentencing Act of 2010, which amended the threshold quantities of crack cocaine for purposes of triggering mandatory minimum sentences, should be applied to Mr. Thomas's sentence. Consequently, the case was remanded to this Court for resentencing.

---

[1] The specific statutory violations were pursuant to 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A)(B) and (C), 18 U.S.C. § 924 (c) and 18 U.S.C. § 922 (g)(1).

Upon remand, the Court resentenced Mr. Thomas to 138 months imprisonment to be followed by six years of supervision, $2,000 fine and a $700 special assessment.

As of the date of this Memorandum Mr. Thomas has been in federal custody for approximately 44 months. In February of this year Mr. Thomas filed a 28 U.S.C. § 2255 motion seeking to vacate, set aside or correct his sentence. He makes two arguments: first, he once again claims the prosecution did not meet the elements required by Section 924(c) for a conviction; and, second, that his conviction under Section 922(g)(1) was faulty. Following various fits and starts relating to procedural issues concerning Mr. Thomas's filing, the Government responded to Mr. Thomas's § 2255 application.

**Discussion**

Mr. Thomas's first issue, namely, his attack on the sufficiency of the Government's proofs for a Section 924(c) conviction is a return to two of his earlier challenges. Specifically, Mr. Thomas made the same argument after his trial when he asked this Court to enter a judgment of acquittal and then again when he pursued an appeal of his conviction in the Court of Appeals. He was unsuccessful with this argument both post-trial and on appeal. Mr. Thomas is precluded from using 28 U.S.C. § 2255 to try to relitigate issues that have already been decided on appeal. United States v. DeRewal, 10 F.3d 100, 105 n. (3d Cir. 1993). Accordingly, his motion cannot succeed on the first ground he advances.

Next, Mr. Thomas argues that his conviction for violating 18 U.S.C. § 922(g)(1) is unconstitutional because he had not previously been "sentenced for more than one year of incarceration" on his earlier involuntary manslaughter conviction that served as the predicate

crime.[2]

With his argument, Mr. Thomas misapprehends the requirements of Section 922(g)(1). Under § 922(g)(1), it is unlawful for a person "who has been convicted . . . for a crime *punishable* by imprisonment for a term exceeding one year . . . to possess . . . any firearm." 18 U.S.C. § 922(g)(1) (emphasis supplied). By the terms of the statute itself, neither the length of the sentence actually served by Mr. Thomas nor the length of the sentence actually imposed are what is relevant to the propriety of a Section 922(g)(1) conviction; rather it is the length of the maximum possible sentence that is relevant. United States v. Coyle, 222 Fed. Appx. 121, 2007 WL1073699 (3d Cir. 2007).

Accordingly, given that he was convicted of two crimes punishable by more than one year, Mr. Thomas's argument for relief on this second basis is also unavailing.

**Conclusion**

Mr. Thomas's motion pursuant to 28 U.S.C. § 2255 will be denied. An order consistent with this Memorandum accompanies it.

BY THE COURT:

　/s/　Gene E.K. Pratter　
GENE E.K. PRATTER
United States District Judge

---

[2] For the underlying conviction at issue Mr. Thomas had entered a guilty plea to homicide by vehicle, involuntary manslaughter, causing an accident while not properly licensed and failing in his duty to stop in the event of an accident. He was sentenced to more than one year in prison, specifically to 15 to 30 months, which was suspended. Under Pennsylvania law, homicide by vehicle is a felony in the third degree punishable by up to seven years imprisonment. See 18 Pa. Cons. Ann § 106(b)(4); 75 Pa. Cons. Stat. Ann. § 3732(a). Involuntary manslaughter is a misdemeanor of the first degree punishable by up to five years in prison. 18 Pa. Cons. Stat. Ann. §§ 106(b)(6), 2504.